# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMBA MAKONI,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DOWNS, et al.,<br><br>Defendants. | Civil No.   16cv2335-AJB (WVG)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT [ECF NO. 9]**<br><br>**3) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER [ECF NO. 4]**<br><br>**4) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 3], AND**<br><br>**5) DISMISSING CIVIL ACTION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Robert Simba Makoni ("Plaintiff"), a person detained at the Vista Detention Facility ("VDF") in Vista, California, at the time of filing, but subsequently released from custody, is proceeding pro se with a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that he was taken into custody by the San Diego County Sheriff's Department on October 23, 2015, on a probation violation

warrant for extradition to Georgia, and that he was subjected to physical, mental and emotional abuse, and deliberate indifference to his serious medical needs, during his transportation to, and subsequent incarceration in, Georgia. (Compl. at 6-16.) He states that he was released from custody in Georgia on January 3, 2016, but taken into custody in San Diego County on June 9, 2016, once again on a probation violation hold for Georgia, and at the time of initiating this action was again scheduled for transportation to Georgia. (Id. at 16-18.) He names as Defendants Prisoner Transportation Services of America ("PTSA"), six PTSA employees, two Georgia police officers, and a doctor employed at the jail in Georgia where he was housed. (Compl. at 2-4.)

Plaintiff has also filed a Motion for appointment of counsel, a Motion for a temporary restraining order, and a Motion for leave to file a Supplemental Complaint. (ECF Nos. 3, 4, 9.) He seeks appointment of counsel based on the complexity of the legal issues and the fact that he is incarcerated (ECF No. 3), he seeks a restraining order preventing the Defendants from transporting him to Georgia under the same conditions he was previously transported there (ECF No. 4), and in his proposed Supplemental Complaint alleges he was again transported to Georgia on October 9, 2016, under similar circumstances, naming as additional Defendants three different PTSA employees who transported him to Georgia and two Georgia probation officers. (ECF No. 9.)

Plaintiff did not prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a), but has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I.   Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, as Plaintiff here was,[2] he may be granted leave to proceed IFP, but unlike non-incarcerated civil litigants, he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Thus, under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff was incarcerated at VDF when he filed this action, and has attached a certified prison certificate of his trust account activity as reported by VDF officials which shows average monthly deposits of $167.83, an average monthly balance of $13.42, and a $80.50 balance in the account. (ECF No. 2 at 5-6.) Thus, because he was a prisoner at the time he initiated this action, he is "required to pay the full amount of a

---

[2] Under 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

filing fee" in order to commence this action. 28 U.S.C. § 1915(b)(1). When a prisoner files a motion to proceed IFP which shows he is financially unable to prepay the *full* amount of the civil filing fee required by 28 U.S.C. § 1914(a), the Court typically assesses an initial partial filing fee based on Plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, see 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid." See 28 U.S.C. § 1915(b)(2).

However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case; for if Plaintiff is no longer incarcerated at VSP, and he is no longer in the custody of any state or local correctional institution as his Notice of Change of Address indicates (ECF No. 7), then no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments.") "Section 1915(b)(2) provides no method of remitting payments other than by deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." Id.

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *i.e.*, whether he must prepay the entire civil filing fee at once, whether he may proceed pursuant to some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release. See Putzer v. Attal, 2013 WL 4519351 at *1 (D. Nev. Aug. 23, 2013) (unpub.) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite, i.e.,* during the litigation."); see also Turner v. San Diego County, 2014 WL 5800595 at *2-3 (S.D. Cal.

Nov. 7, 2014) (unpub.) (noting absence of 9th Circuit authority); Patten v. Walker, 2015 WL 3623687 at *5 (E.D. Cal. June 9, 2015) (unpub.) (same).

In Putzer, U.S. District Judge Andrew P. Gordon canvassed other published federal circuit cases, noted a split, and concluded, like the Fifth, Seventh, and District of Columbia Circuits, that if an IFP application is filed by a prisoner, the "straightforward Congressional command in § 1915(b)(1)" requires that "full payment . . . is triggered upon the filing of the . . . complaint," and regardless of "how the requirement is satisfied." Id. at *1-2; citing Gay v. Texas Dept. of Corrections, 117 F.3d 240, 241-42 (5th Cir. 1997), In re Smith, 114 F.3d 1247, 1251-52 (D.C. Cir. 1997) and Robbins v. Switzer, 104 F.3d 895, 897-99 (7th Cir. 1997).

Judge Gordon further rejected the Tenth, Fourth, Sixth, and Second Circuit's contrary conclusions in Brown v. Eppler, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013), DeBlasio, 315 F.3d at 397, In re Prison Litigation Reform Act, 105 F.3d 1131, 1138-39 (6th Cir. 1997) and McCann v. Commissioner, Social Security Administration, 96 F.3d 28, 29-30 (2d Cir. 1996), all holding that § 1915(b)(1)'s full fee payment requirements do *not* continue post-release. Instead, Judge Gordon noted that in the Ninth Circuit "even prior to the PLRA . . . district courts possessed authority under the non-PLRA-related provisions of § 1915 to require partial and/or installment payments." Putzer, 2013 WL 4519351 at *2, citing Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("We take this opportunity to make the apparent explicit: Courts have discretion to impose partial filing fees under the *in forma pauperis* statute.")

Reasoning that because "[i]n the Ninth Circuit . . . , the district court retains the discretion to order installment payments even without the specific statutory payment mechanisms otherwise applicable when the plaintiff is incarcerated," id. at *2 n.2, Putzer concludes, for reasons this Court also finds persuasive, and in the absence of other binding authority on point, that while "the amount of the initial partial payment and installment payments may be determined either from the plaintiff's prior inmate account balance and/or based on upon the plaintiff's post-release assets and income, . . . the fact

1  that a different, but pre-existing method of enforcing the full-payment requirement of the
2  statute must be utilized does not justify disregarding the Congressional command as to
3  what is required." <u>Id.</u>  Indeed, this Court's own Local Rules governing IFP actions have
4  long provided that "[i]n considering a non-prisoner's request to proceed *in forma*
5  *pauperis*, the court may, in its discretion, impose a partial filing fee partial fee which is
6  less than the full filing fee that is required by law, but which is commensurate with the
7  applicant's ability to pay." <u>See</u> S.D. CAL. CIVLR 3.2d.

8      While the PLRA's amendments to § 1915(b)(1) do not permit imposition of a fee
9  less than the "full amount" which is owed if the Plaintiff was a prisoner at the time of
10 filing, this Court finds that it may assess, based on the financial information provided in
11 Plaintiff's inmate trust account statements, a partial initial fee pursuant to § 1915(b)(1),
12 and thereafter exercise its pre-PLRA discretion under <u>Olivares</u> and Local Rule 3.2d to
13 collect the remainder of the $350 filing fee balance, due in installments, and dependent
14 on Plaintiff's post-release ability to pay. <u>See</u> <u>Putzer</u>, 2013 WL 4519351 at *3; <u>Olivares</u>,
15 59 F.3d at 112 (remanding fee payments to district court in order to "review [plaintiff's]
16 present economic situation and fit a fee to the economic facts if [he] [wa]s still interested
17 in pursuing his claim.")

18     Here, Plaintiff has indicated "not applicable-incarcerated" on the portion of the
19 IFP affidavit requiring that he "must" explain the sources of funds for his day-to-day
20 expenses.  (ECF No. 2 at 3.)  Because 28 U.S.C. § 1915(b)(4) provides that "[i]n no
21 event shall a prisoner be prohibited from bringing a civil action . . . for the reason that
22 the prisoner has no assets and no means by which to pay the initial filing fee," <u>see</u>
23 <u>Taylor</u>, 281 F.3d at 850 (citing 28 U.S.C. § 1915(b)(4)'s "safety-valve" preventing
24 dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of
25 funds available to him when payment is ordered"), and the Court does not have before
26 it any financial affidavit which reflects Plaintiff's *current* post-incarceration income,
27 assets, or ability to pay, it hereby **DENIES** Plaintiff's initial Motion to Proceed IFP
28 without prejudice, and directs him, should he wish to further prosecute this action, to file

a supplemental application to proceed IFP which documents his current post-release income, assets, and expenses within 30 days of this Order. See 28 U.S.C. § 1915(a); see also Adler v. Gonzalez, 2015 WL 4041772 at *2 (E.D. Cal. July 1, 2015) (unpub.) (findings and recommendations in re IFP requiring "updated IFP application" of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no longer exist."); Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (noting that "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). If he does, Plaintiff is cautioned that even if his supplemental application to proceed IFP is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced, and will subject Plaintiff to other restrictions placed on prisoners under the PLRA. See 28 U.S.C. § 1915(b)(1).

## II.     Motion to Supplement Complaint

Plaintiff seeks to supplement his Complaint setting forth causes of action based on facts which are similar to but occurred after the events alleged in the Complaint, namely, the second time he was transported to Georgia. (ECF No. 9.) Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course prior to service or the filing of a responsive pleading, and Rule 15(d) provides that the Court may permit supplementation with respect to events which happened after the date of the pleading irrespective of whether the original Complaint is defective in stating a claim or defense. See Fed.R.Civ.P. 15(a),(d). For good cause shown, the Court **GRANTS** Petitioner's Motion to Supplement his Complaint. The operative pleading in this action is the Complaint and its supplement. However, because, as discussed below, this action is dismissed with leave to file a First Amended Complaint, should Plaintiff amend his Complaint, he should include all allegations set forth in both the original Complaint and its supplement in one complete pleading. See Hal Roach Studios, Inc. v.

Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

### III. Motion for a Temporary Restraining Order

Plaintiff seeks a temporary restraining order and a preliminary injunction in order to prevent future unconstitutional occurrences as alleged in his Complaint, including deliberate indifference to his medical needs and assault during any future transportation to Georgia. (ECF No. 4.) "[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency. Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001), quoting Rizzo v. Goode, 423 U.S. 362, 378 (1976). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). However, a prisoner's release from custody generally renders moot claims for injunctive relief because "the released inmate is no longer subject to the prison conditions or policies he challenges." Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted); Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1119 n.1 (9th Cir. 2013). Although the Ninth Circuit has recognized an exception where the plaintiff is challenging ongoing policies or conditions which he or others may be subjected to again in the future, see United States v. Howard, 480 F.3d 1005, 1009-10

(9th Cir. 2007), Plaintiff here does not allege that the deliberate indifference to his medical needs and the assaultive behavior by the Defendants of which he complains resulted from any policy, but arose from the deliberate indifference of the individual defendants, who were different during the two trips to Georgia. (Compl. at 8-23; Suppl. Compl. at 14.) The Motion for a Temporary Restraining Order (ECF No. 4) is therefore **DENIED** as moot.

### IV.  Motion for Appointment of Counsel

Finally, Plaintiff has filed a Motion for appointment of counsel, arguing that the legal issues are complex and he is unable to perform legal research because he is in custody. (ECF No. 3.) There is no constitutional right to counsel in a civil case. Lassiter v. Dept. of Social Servs, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." Id.; see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103, quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Nothing in the record at this stage of the proceedings suggests Plaintiff is incapable of articulating the factual basis for his claims, and evaluation of the likelihood of success on the merits is premature due to the venue issues discussed below. Id. Furthermore, Plaintiff is no longer in custody. Because no exceptional circumstances warrant the appointment of counsel at this time, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. Terrell, 935 F.2d at 1017.

### V.  Venue

As currently pleaded, the Complaint and its supplement fails to allege that proper venue for Plaintiff's claims lies in the Southern District of California. Venue may be

raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff fails to allege a county of residence for any of the Defendants. (See Compl. at 2-4; Supp. Compl. at 14.) However, he alleges that Defendants Sullivan and Morgan were the drivers of the van that transported Plaintiff from Kentucky to Georgia. (Compl. at 3.) He alleges Defendant PTSA was "acting on behalf of Clayton County Sheriffs in Georgia," and "were and still are in charge of transporting Plaintiff to Georgia." (Id.) He alleges Defendants Johnson and James are police officers employed by the Clayton County Sheriff's Department in Georgia, that Defendants Frailey and Wilkins are probation officers employed by Clayton County Georgia, and that Defendant Doctor Warren is employed at the Clayton County Jail. (Id. at 3-4; Supp. Compl. at 14.) Although some of the events alleged in the Complaint and its supplement occurred in California while Plaintiff was briefly transported through California on his way to Georgia, the vast majority of the allegations of deliberate indifference to serious medical needs and assaultive behavior occurred outside of California. (Compl. at 6-18.) Thus, to the extent all of the Defendants reside in Georgia and none reside in California, or to the extent the substantial part of the events or omissions giving rise to Plaintiff's claims

occurred outside of California, venue does not appear proper in the Southern District of California. See 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."); 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488. Plaintiff's failure to allege facts which support venue in this Court supports dismissal of this action without prejudice on the alternate basis of failing to satisfy the filing fee requirement. 28 U.S.C. § 1406(a). If Plaintiff wishes to proceed with his claims in this Court, his allegations in his First Amended Complaint must satisfy the venue provisions of 28 U.S.C. § 1391(b) set forth above.

## VI. Conclusion and Order

Based on the foregoing, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), **GRANTS** his Motion to Supplement the Complaint (ECF No. 9), **DENIES** his Motion for a Temporary Restraining Order (ECF No. 4), **DENIES** his Motion for Appointment of Counsel (ECF No. 3), and **DISMISSES** this civil action without prejudice for failure to prepay filing fees required by 28 U.S.C. § 1914(a) and for failure to allege facts demonstrating that proper venue lies in the Southern District of California.

2) **GRANTS** Plaintiff thirty (30) days leave in which to re-open his case by *either* a) paying the full $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing a supplemental application to proceed IFP that includes an affidavit documenting his current post-release income, assets, and expenses, see 28 U.S.C. § 1915(a) **and** by filing a First Amended Complaint which includes all allegations he wishes to pursue in this action and which alleges sufficient facts demonstrating that venue for his claims lies in the Southern District of California. If Plaintiff elects to re-open this action by filing a supplemental IFP application and a First Amended Complaint, he is cautioned that he may still be required to pay the full civil filing fee, but pursuant to a partial installment payment plan devised by the Court dependent on his income, if funds are available, and regardless of whether his case is subsequently dismissed pursuant to 28 U.S.C. § 1915A(b) or for any other reason.

3) Finally, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP") (Long Form), and a blank Southern District of California amended Complaint form.

If Plaintiff fails within thirty (30) days to: (1) pay the full $400 civil filing and administrative fee in one lump sum or submit a completed AO 239 supplemental IFP application; and (2) to file a First Amended Complaint, this civil action will remain dismissed without prejudice for the reasons stated above and without any further Order by the Court.

**IT IS SO ORDERED**.

DATED: December 13, 2016

Hon. Anthony J. Battaglia
U.S. District Judge