UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMBA MAKONI,<br>Former Booking #16143756,<br><br>                             Plaintiff,<br><br>vs.<br><br>ROBERT DOWNS, et al.,<br><br>                             Defendants. | Case No. 3:16-cv-02335-AJB-WVG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a) AND FOR FAILING TO PROSECUTE PURSUANT TO Fed. R. Civ. P. 41(b)** |

ROBERT SIMBA MAKONI ("Plaintiff"), proceeding pro se, and while detained at the San Diego Sheriff's Department Vista Detention Facility ("VDF"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2016, claiming he was subject to abuse and was denied medical attention by Prisoner Transportation Services of America employees, two Gwinnett and Clayton County Georgia Sheriff's Department officials, and a doctor employed by the Clayton County Jail,[1] during a 28-day cross-country extradition transport from VDF to Clayton County, Georgia, beginning in

---

[1] While Plaintiff was detained at VDF at the time of filing, no Defendant was alleged to reside in either San Diego or Imperial County. *See* 28 U.S.C. § 1391(b)(1).

1

November 2015. (ECF No. 1 at 2-16.)[2]

## I.     Procedural Background

On December 13, 2016, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), as well as his Motions for a Temporary Restraining Order and Appointment of Counsel (ECF No. 10). At the same time, the Court granted Plaintiff leave to supplement his Complaint (ECF No. 9), but sua sponte screened both Plaintiff's original pleading, as well as his proposed supplemental claims, and dismissed them without prejudice based on his failure to allege proper venue in the Southern District of California pursuant to 28 U.S.C. § 1391(b). (*Id.* at 10-11.) Plaintiff was granted leave to re-open his case by either paying the civil filing fee required by 28 U.S.C. § 1914(a), *or* submitting a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), *and* by filing a First Amended Complaint alleging facts sufficient to demonstrate the Southern District of California as the proper venue within 30 days. (*Id.* at 11.)

On January 21, 2017, Plaintiff filed a new Motion to Proceed IFP (ECF No. 11), but no Amended Complaint. A week later, on January 27, 2017, Plaintiff requested an extension of time in which to amend (ECF No. 13). On February 22, 2017, the Court granted both Motions, and directed Plaintiff to file his First Amended Complaint on or before April 3, 2017 (ECF No. 14).

More than three months have passed since the Court's February 22, 2017 Order, but Plaintiff has taken no action. He did not file a First Amended Complaint within the time permitted; nor has he requested another extension of time in which to do so.

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005); *see also Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to

---

[2] On October 24, 2016, Plaintiff filed a Notice of Change of Address indicating his subsequent release from VDF custody. (ECF No. 7).

respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

## II.    Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on its lack of proper venue pursuant to 28 U.S.C. § 1406(a), and Plaintiff's failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's December 13, 2016, and February 22, 2017 Orders (ECF Nos. 10, 14).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), **DIRECTS** the Clerk to enter a final judgment of dismissal without prejudice, and to close the file.

**IT IS SO ORDERED**.

Dated:  June 8, 2017

Hon. Anthony J. Battaglia
United States District Judge